**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHERRI MERCHANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-658 |
| | ) | |
| CITY OF ST. LOUIS, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff Cherri Merchant and states:

1. Plaintiff Cherri Merchant ("Ms. Merchant"), brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S. C. §2000e, et seq.

2. Ms. Merchant is, and was at all relevant times, a female individual.

3. Defendant City of St. Louis ("City") is a constitutional charter city in, and a political subdivision of, the State of Missouri ("City").

4. The City employs more than fifteen (15) persons and is, therefore, an employer within the meaning of Title VII, 42 U.S.C. § 2000e(b).

5. The City's retaliatory treatment of Plaintiff in response to her complaint about the City's discriminatory conduct violates Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).

**JURISDICTION AND VENUE**

6. This Court may exercise subject-matter jurisdiction over this action because it arises under the laws of the United States. 28 U.S.C. § 1331.

7. Venue is appropriate in this judicial district because the events giving rise to the action occurred here and the parties are residents of this judicial district. 28 U.S.C. §§ 1391(b)(1)-(2).

**FACTUAL BACKGROUND**

8. In January, 2008, Ms. Merchant began her career as a firefighter employed by the City.

9. On or about February 28, 2020, Ms. Merchant initiated an informal process, pursuant to the City's internal rules and procedures including but not limited to Regulation 113, about sexual comments made to to Ms. Merchant by a male coworker ("Male Employee") that were outrageously inappropriate and violated City Personnel Regulation 113, The Policy and Complaint Procedure Against Harassment ("Misconduct"). Then, on October 18, 2020, she filed a related charge of discrimination with the Equal Employment Opportunity Commission concerning the Misconduct ("EEOC Charge").

10. Following Ms. Merchant's pursuit of the City's internal procedures and filing of the EEOC Charge, the City, in substantial part through City employee Charles Coyle's acts, Charles Coyle, retaliated against her, in violation of 42 U.S.C. § 2000e-3(a), by seriously downgrading her annual employee service ratings, demoting her from the position of Fire Inspector to the position of Fire Fighter (resulting in an annual salary reduction of approximately $15,000.00), removing her from a list of employees eligible for overtime, reduction and removal of her work responsibilities, and transferring her to a work location where she was forced to work alongside the Male Employee.

11. Ms. Merchant has exhausted the remedies available to her by federal administrative agencies, having requested and received a February 10, 2025 Right to Sue Letter from Equal Employment Opportunity Commission relating to a timely charge she filed with that Commission with respect to the facts and disputes described in this Complaint. Ms. Merchant was employed by the City from January, 2008 through the date of the filing of this Complaint initiating this lawsuit.

12. The City, by its above-described actions and failures to act, discriminated and retaliated against Ms. Merchant on the basis of her exercise of protected activities as described above. The City knew, or should have known, that retaliation against Ms. Merchant for her exercise of protected activities violated federal law.

13. As a result of the City's actions and failures to act described above, Ms. Merchant has suffered emotional pain, humiliation, inconvenience, mental anguish, loss of enjoyment of life and deprivation, and reduction of her salary and other compensation by the City.

14. In addition, Ms. Merchant has incurred and will continue to incur attorney's fees, costs and expenses of suit.

WHEREFORE, Plaintiff Cherri Merchant requests that this Court will, after trial by jury, enter judgment in her favor and against Defendant City of St. Louis, in an amount to be determined at trial, for actual damages, including past and future lost income, compensatory damages, prejudgment interest, attorneys' fees, costs of suit, and for such other relief as is just.

**RESPECTFULLY SUBMITTED,**

**KISTNER, HAMILTON, ELAM & MARTIN, LLC**

By: /s/ *Elkin L. Kistner*
Elkin L. Kistner #35287MO
1406 North Broadway
St. Louis, MO 63102
Telephone: (314) 783-9798
Facsimile: (314) 944-0950
E-mail: elkinkis@law-fort.com
*Counsel for Plaintiff Cherri Merchant*